**WEEKS v. WHITE, Former Collector of Internal Revenue.**

**No. 5197.**

District Court, D. Massachusetts.

July 10, 1934.

Ropes, Gray, Boyden & Perkins, Albert A. Schaefer, and Kenneth Howes, all of Boston, Mass., for plaintiff.

Francis J. W. Ford, U. S. Atty., and J. Duke Smith, Sp. Asst. to U. S. Atty., both of Boston, Mass., for defendant.

McLELLAN, District Judge.

In this action at law for the recovery of income taxes for the year 1928, alleged to have been illegally assessed in the amount of $12,594.71, the facts are as stated in an agreed statement of facts on file. The case was tried on these agreed facts on June 22, 1934, and the trial was continued until to-day for the purpose of affording the parties an opportunity to save their rights in connection with such decision as might then be made.

From the agreed statement of facts, it appears that the plaintiff, during the year 1919, acquired by way of a gift from his father, the late John W. Weeks, 248 shares of the capital stock of the Mount Prospect Company, a Maine corporation. This stock, when acquired by the plaintiff, had a basis of cost for federal income tax purposes of $111,454.82. At the same time that Mr. John W. Weeks gave 248 shares of the capital stock of the Mount Prospect Company to the plaintiff, he gave 249 shares of the stock of this company to Mrs. Katherine W. Davidge, the daughter of John W. Weeks and the plaintiff's sister. The Mount Prospect Company had been organized by the plaintiff's father in the year 1919, at which time he transferred to it certain property owned by him in exchange for 497 shares of its capital stock, constituting all of the stock of the corporation, excepting three shares previously acquired for a nominal consideration, one by the plaintiff, one by John W. Weeks, and one by Henry N. Sweet, to qualify them as directors of the corporation.

After the gifts to the plaintiff and his sister above referred to, the entire capital stock of the Mount Prospect Company was held in equal shares by the plaintiff and his sister, except the two shares held in the names of the two directors other than the plaintiff to qualify them as such directors. The certificates representing these two shares of stock were indorsed in blank by John W. Weeks and Henry N. Sweet, and were held by the plaintiff for the benefit of himself and his sister, Mrs. Katherine W. Davidge. The stock of the Mount Prospect Company continued to be so held throughout the year 1928.

In the years 1924 and 1926, the plaintiff and his sister made certain contributions to the capital of the Mount Prospect Company, as to which the Government concedes, for the purposes of this case, that they may be used in computing the cost of the stock for tax purposes.

The sole issue is whether or not the transfer by John W. Weeks, the plaintiff's father, of 300 shares of the stock of the First National Bank of Boston in the year 1924,

and the transfer by him of 3,500 shares of the common stock of the Connecticut Valley Lumber Company, both as contributions to the capital of the Mount Prospect Company, can be used in arriving at the cost to the plaintiff for income tax purposes of the stock given to him by his father in 1919.

The pertinent provisions of law follow:

Revenue Act of 1928, §§ 111 (a, c, d), 112 (a), 113 (a) (2, 4), 115 (c, d, h), 26 USCA §§ 2111 (a, c, d), 2112 (a), 2113 (a) (2, 4), 2115 (c, d, h).

"Sec. 111. *Determination of Amount of Gain or Loss.*

"(a) *Computation of Gain or Loss.* Except as hereinafter provided in this section, the gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the basis provided in section 113 [section 2113], and the loss shall be the excess of such basis over the amount realized. * * *

"(c) *Amount Realized.* The amount realized from the sale or other disposition of property shall be the sum of any money received plus the fair market value of the property (other than money) received.

"(d) *Recognition of Gain or Loss.* In the case of a sale or exchange the extent to which the gain or loss determined under this section shall be recognized for the purposes of this title, shall be determined under the provisions of section 112 [section 2112]. * * *

"Sec. 112. *Recognition of Gain or Loss.*

"(a) *General Rule.* Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 111 [section 2111], shall be recognized, except as hereinafter provided in this section. * * *

"Sec. 113. *Basis for Determining Gain or Loss.*

"(a) *Property Acquired After February 28, 1913.* The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that— * * *

"(2) *Gift after December 31, 1920.* If the property was acquired by gift after December 31, 1920, the basis shall be the same as it would be in the hands of the donor or the last preceding owner by whom it was not acquired by gift. * * *

"(4) *Gift or transfer in trust before January 1, 1921.* If the property was acquired by gift or transfer in trust on or before December 31, 1920, the basis shall be the fair market value of such property at the time of such acquisition. * * *

"Sec. 115. *Distributions by Corporations.* * * *

"(c) *Distributions in Liquidation.* Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111 [section 2111], but shall be recognized only to the extent provided in section 112 [section 2112]. * * *

"(d) *Other Distributions from Capital.* If any distribution (not in partial or complete liquidation) made by a corporation to its shareholders is not out of increase in value of property accrued before March 1, 1913, and is not out of earnings or profits, then the amount of such distribution shall be applied against and reduce the basis of the stock provided in section 113 [section 2113], and if in excess of such basis, such excess shall be taxable in the same manner as a gain from the sale or exchange of property. * * *

"(h) *Definition of Partial Liquidation.* As used in this section the term 'amounts distributed in partial liquidation' means a distribution by a corporation in complete cancellation or redemption of a part of its stock, or one of a series of distributions in complete cancellation or redemption of all or a portion of its stock."

"Regulations

"Art. 67, Regulations 74. *Contributions to corporation by shareholders.*—Where a corporation requires additional funds for conducting its business and obtains such needed money through voluntary pro rata payments by its shareholders, the amounts so received being credited to its surplus account or to a special capital account, such amounts will not be considered income, although there is no increase in the outstanding shares of stock of the corporation. The payments in such circumstances are in the nature of voluntary assessments upon, and represent an additional price paid for, the shares of stock held by the individual shareholders, and will be treated as an addition to and as a part of the operating capital of the company." (See articles 64 and 282.)

It seems to me that the plaintiff's cost is limited to the fair market value of the gift when acquired by him, plus his contributions to the capital of the corporation, and that the contributions made to the corporation by his father *after* the plaintiff had been given approximately half the shares of the stock in the Mount Prospect Company cannot be used as a basis of the plaintiff's cost.

The plaintiff's request for a ruling that as a matter of law, in computing the taxable gain realized by the plaintiff on the partial liquidation of the Mount Prospect Company in the year 1928, the cost basis to the plaintiff of his stock in the Mount Prospect Company should include one-half the cost to John W. Weeks of the contributions made by John W. Weeks to the Mount Prospect Company in the years 1924 and 1926, is denied, subject to the plaintiff's exception.

Let judgment be entered for the defendant.