## 817

However, we think that the guardian should have sold the bonds when she learned the defendant refused to rescind, when the losses to the plaintiffs would have been much less. By her delay she assumed any additional loss. It was her duty to reduce the loss to the lowest limit, even though the defendant refused to rescind and accept the bonds. The District Court's ruling as to damages was correct.

The decree of the District Court is affirmed, with one bill of costs to the plaintiffs, Frank C. Stuart et al.

**WEEKS v. WHITE, Former Collector of Internal Revenue.**

No. 3016.

Circuit Court of Appeals, First Circuit.

May 25, 1935.

Kenneth Howes, of Boston, Mass. (Albert A. Schaefer and Ropes, Gray, Boyden & Perkins, all of Boston, Mass., on the brief), for appellant.

Joseph M. Jones, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for appellee.

Before BINGHAM, WILSON and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This is an action begun in the District Court of Massachusetts wherein the plaintiff seeks to recover certain payments made by him to the defendant as collector of internal revenue for the district of Massachusetts, amounting with interest to $12,-594.71, which had been collected of the plaintiff as taxes on income for the calendar year 1928, under a deficiency assessment, and which was paid under protest.

The case was heard by the District Judge sitting without a jury on a stipulation of facts and on certain testimony presented by affidavits.

The facts stipulated are as follows: In the year 1919, the plaintiff's father, the late John W. Weeks, organized a corporation under the name of Mt. Prospect Company (which will hereinafter be referred to as the corporation), to which he transferred certain real estate consisting of his old homestead in Lancaster, N. H., together with certain securities, in exchange for all the stock of the corporation. Five hundred shares of the capital stock of the corporation were then issued, of which 498 shares were issued to John W. Weeks, 1 share to Henry N. Sweet, and 1 share to the plaintiff. Shortly thereafter, during

the year 1919, John W. Weeks gave 248 shares of the capital stock of the corporation to the plaintiff, and at the same time gave 249 shares to his daughter; the remaining 2 shares being indorsed in blank by John W. Weeks and Henry N. Sweet and delivered to the plaintiff for the equal benefit of himself and his sister. The stock of the corporation continued to be so held up to and throughout the year 1928.

It is stipulated that the plaintiff's shares in the corporation when thus acquired by him in 1919 had a basis of cost for federal income tax purposes of $111,454.82.

In the year 1924, the plaintiff and his sister each contributed to the capital of the corporation property having for income tax purposes, a cost basis to them, respectively, of $25,833.34, and which at the time of such contribution was of greater value than the cost basis. This capital contribution increased the cost basis to the plaintiff of his stock in the corporation for federal income tax purposes from $111,454.82 to $137,288.16.

Again, in the year 1926, the plaintiff and his sister each contributed to the capital of the corporation property having a cost basis to them, respectively, for income tax purposes of $8,582.21, which was at the time also of greater value than its cost basis. The cost basis to the plaintiff for income tax purposes of his capital stock in the corporation was thereby further increased by the amount of this contribution to $145,870.37.

In the year 1924, the plaintiff's father, John W. Weeks, also contributed to the capital of the corporation 300 shares of stock of the First National Bank of Boston. The cost basis of this stock to John W. Weeks for income tax purposes was $77,500, and its value at that time was greater than such cost basis.

Again, in 1926, the plaintiff's father contributed to the capital of the corporation 3,500 shares of the common stock of the Connecticut Valley Lumber Company. This stock had a cost basis to John W. Weeks of $100,625, and was at the time of greater value than the cost basis.

The corporation in 1928 paid a dividend to the plaintiff and his sister in partial liquidation of its capital; said dividend consisting of 3,500 shares of the common stock of the Connecticut Valley Lumber Company, and 1,347 550/1000 shares of the New England Power Company. It is agreed that this represented distribution of capital, since the corporation had no earned surplus. The securities thus distributed had a fair market value at the time of such distribution of $537,620.82, and one-half of the sum, or $268,810.41, was received by the plaintiff; the other half going to his sister.

The plaintiff in his income tax return for the year 1928 reported a capital net gain of only $33,877.54, or the difference between the fair market value of the dividend of $268,810.41 and the cost basis of the 250 shares of stock given the plaintiff by his father in 1919, computed as follows: To the cost basis of the plaintiff's shares after his contribution in 1924 and 1926 of $145,870.37, the plaintiff added one-half of the cost to his father of the latter's contributions to the capital of the corporation in 1924 and 1926 of $89,062.50, resulting in a total cost basis to the plaintiff as of the year 1928 of $234,932.87.

The Commissioner of Internal Revenue, however, increased the capital gain reported by the plaintiff, by disallowing as a part of the cost basis of the plaintiff's shares in the corporation the item of $89,062.50, representing one-half of the cost to the plaintiff's father of the securities which his father had contributed to the capital of the corporation in the years 1924 and 1926, respectively.

The additional tax, with interest, of $12,594.71, which the plaintiff now seeks to recover in this action, resulted from the foregoing adjustment by the Commissioner.

The plaintiff filed a motion for judgment, and requested the court to find as a fact that John W. Weeks in making his contributions in 1924 and 1926, respectively, intended thereby to benefit the plaintiff and his sister; and also requested the court to find as a matter of law that the cost basis to the plaintiff of his stock in the corporation should include one-half the cost to John W. Weeks of the contributions made by him to the corporation in the years 1924 and 1926, respectively. These requests were all denied by the District Judge, and a motion for judgment by the defendant was allowed.

The plaintiff relies on the following assignments of error:

That the court erred in granting the motion of the defendant for judgment, and in denying the plaintiff's motion for judgment, and in failing to rule as a matter of law that the cost basis of the plaintiff's stock in the corporation should include

one-half the cost to John W. Weeks of the contributions made by him to the corporation in the years 1924 and 1926, and in failing to find as a fact that the contributions made by John W. Weeks in 1924 and 1926 were intended thereby to benefit the plaintiff and his sister. There is no error of law in a refusal to make a special finding of fact in a jury-waived case.

The issue raised by the assignments of error is whether under the applicable provisions of the Revenue Act of 1928 (26 USCA § 2001 et seq.) the plaintiff, in computing the taxable gain, which he realized as a result of his receipt of one-half of the dividend in partial liquidation of the capital of the corporation for the year 1928, is entitled to include in the cost basis of his stock in the corporation for income tax purposes one-half of the cost to his father, John W. Weeks, of the 300 shares of the First National Bank of Boston, and one-half of the cost to his father of the 3,500 shares of the Connecticut Valley Lumber Company, which were contributed to the capital of the corporation by his father in the years 1924 and 1926, respectively.

The following provisions of the Revenue Act of 1928 govern:

Sec. 113 (a) provides in part as follows:

"Property acquired after February 28, 1913. The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property. * * *

"(2) If the property was acquired by gift after December 31, 1920, the basis shall be the same as it would be in the hands of the donor. * * *

"(4) If the property was acquired by gift * * * on or before December 31, 1920, the basis shall be the fair market value of such property at the time of such acquisition." (26 USCA § 2113 (a) (2, 4).

Sec. 115 (c) of the Revenue Act of 1928 provides in part as follows:

"Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111 [of the Revenue Act of 1928] [section 2111] but shall be recognized only to the extent provided in section 112 [section 2112]." (26 USCA § 2115 (c).

The amount of gain determined under section 111 (26 USCA § 2111) is the excess of the amount realized over the cost basis above provided in section 113.

Article 67 of Income Tax Regulations 74 provides as follows:

"Contributions to corporation by shareholders.—Where a corporation requires additional funds for conducting its business and obtains such needed money through voluntary pro rata payments by its shareholders, the amounts so received being credited to its surplus account or to a special capital account, such amounts will not be considered income, although there is no increase in the outstanding shares of stock of the corporation. The payments in such circumstances are in the nature of voluntary assessments upon, and represent an additional price paid for, the shares of stock held by the individual shareholders, and will be treated as an addition to and as a part of the operating capital of the company."

It appears from affidavits, which, no doubt, furnished the ground for the District Judge refusing to find that the contributions by John W. Weeks in 1924 and 1926 were gifts to his children, that the primary purpose of John W. Weeks in organizing the corporation was to preserve for the benefit of his heirs his old homestead, and in order that it would not become a burden on his heirs, he transferred to the corporation in 1919 certain securities to insure its upkeep and the meeting of the operating expenses. The contributions in 1924 and 1926 were also to make certain that the upkeep of this property should not become a burden to him or his heirs.

This purpose is clearly indicated in the affidavit of Mr. Ovington E. Weller, who deposes on oath that he had been a long and intimate friend of John W. Weeks, and a former partner, and that Mr. Weeks had told him that he organized the Mt. Prospect Company for the purpose of acquiring and maintaining the old homestead in Lancaster, N. H., which was his birthplace, and on which he had erected a summer residence; that he desired to have the property established on a permanent basis so it would not be a burden upon him during his lifetime, or to the members of his family who might survive him; and that Mr. Weeks further told the deponent that

he had already set aside certain securities and that he intended to set aside other securities from time to time as his circumstances permitted, so that the income therefrom would meet any deficiency in the operating expenses and to insure its always being on a sound financial basis.

The affidavit of Mr. Henry N. Sweet confirmed the purpose of John W. Weeks in organizing and making contributions to the corporation.

The contributions of John W. Weeks in 1924 and 1926 to the corporation were undoubtedly in furtherance of his original purpose. If his purpose had been simply to make gifts to his children, there is nothing to indicate that he would not have done so directly rather than indirectly through the corporation. Whatever the effect of section 501 of the Revenue Act of 1932 (26 USCA § 1136a and note) may be, it is not retroactive, and in any event the intent of the donor must be the determining factor. Contributions to a corporation cannot be held as a matter of law to be gifts to the shareholders because they may ultimately be beneficially affected. The entity of the corporation created by the father, as in this case, for a definite purpose may not be disregarded.

The contributions to the corporation by John W. Weeks in 1924 and 1926, therefore, when viewed in the light of his expressed purpose in organizing the corporation, cannot be held to have increased the cost to the plaintiff of his stock in the corporation within the purview of section 113 of the Revenue Act of 1928, 26 USCA § 2113.

The judgment of the District Court is affirmed.