## KASLE v. UNITED STATES.
Civ. A. No. 5593.

District Court, N. D. Ohio, W. D.
Nov. 25, 1947.

See, also, 75 F.Supp. 341; 75 F.Supp. 343; 75 F.Supp. 345.

Harry Levison of Toledo, Ohio, for plaintiff.

Don C. Miller, U. S. Atty., of Cleveland, Ohio, and Gerald P. Openlander, Asst. U. S. Atty., of Toledo, Ohio, for defendant.

KLOEB, District Judge.

This cause came on to be heard by the court without a jury and was submitted upon the pleadings, the written stipulation of facts entered into by the parties hereto and made a part of the record herein, and upon the evidence introduced at the trial, and the court having been fully advised in the premises, does make findings of fact and conclusions of law as follows:

### Findings of Fact.

1. It appears that most of the facts involved in this action are alleged in plaintiff's complaint and are admitted in defendant's answer. It appears also that the parties hereto have entered into a written stipulation of detailed facts which has been filed herein and made a part of the record.

The admissions of the answer and the stipulated facts combined are so comprehensive that the remaining issues of controverted facts are exceedingly limited. Instead of repeating here at length all the facts admitted by the pleadings and also stipulated in the record, the court does hereby adopt and incorporate in this finding, by reference, all the facts admitted in said pleadings and all the facts set forth in said stipulation, and hereby makes said facts a part of this finding with the same legal effect as if this court had made express findings of said admitted and stipulated facts.

2. On June 2, 1932 The Kasle Iron and Metal Company, an Ohio corporation, owed the plaintiff taxpayer, Joe Kasle, at least $23,000 by way of an account payable. Said sum was then due and payable from said corporation to plaintiff.

3. On June 2, 1932 the plaintiff contributed said $23,000 to the paid-in capital surplus of said corporation. Said contribution was a gratuitous one. There was no valuable consideration received by plaintiff from said corporation for said contribution, at that time or at any time thereafter.

4. At the time of said contribution, said account payable of $23,000 due and payable to plaintiff, had an actual value of $23,000.

5. Said contribution was made by plaintiff as part of an agreement between him and Sam Kasle and Frank G. Tuschman, all of whom were officers, directors and shareholders of said corporation, whereby plaintiff and said Sam Kasle were each to contribute $23,000 and said Tuschman was to contribute $16,000, to the paid-in capital surplus of said corporation, all without consideration from said corporation.

All three of said contributions were made by said respective parties on June 2, 1932.

6. Upon the making of said contribution to said corporation by the plaintiff, $23,000 of the indebtedness due from the corporation to the plaintiff was cancelled with his consent, all as a part of the same transaction.

7. At the time of the making of said contribution by the plaintiff, said $23,000 was credited to the paid-in capital account of the corporation. At the same time and as part of the same transaction the contributions made by said Sam Kasle and Frank G. Tuschman were credited to the same corporation capital account.

8. The income tax returns of The Kasle Iron and Metal Company for the fiscal years 1933 and 1934 contain balance sheets showing a paid-in capital surplus of $62,000, and said surplus consisted of the aforesaid contributions made in 1932 by the plaintiff and the other two officers of the corporation as aforesaid.

## Conclusions of Law.

1. The contribution of $23,000 made by plaintiff to The Kasle Iron and Metal Company, an Ohio corporation, on June 2, 1932 increased the income tax cost basis of the 98 shares of stock then owned by plaintiff in said corporation from the original cost of $100 per share, or a total of $9800, to $334.694 per share, or a total of $32,800.

2. The income tax return of plaintiff for the calendar year 1941 should have reported his income tax gain on the sale of his 53 shares in The Kasle Iron and Metal Company as follows:

| | |
|---|---|
| Gross proceeds of sale of shares | $26,500.00 |
| Less cost of legal services in connection with sale........ | 350.00 |
| Net proceeds of sale........... | $26,150.00 |
| Actual cost of said 53 shares... | 17,738.77 |
| Total long term capital gain.... | $ 8,411.23 |
| Net taxable capital gain....... | $ 4,205.62 |

3. Of the entire income tax reported by plaintiff for the year 1941, and thereafter paid by him, the sum of $1935.66 was erroneously assessed and thereafter collected by the Collector of Internal Revenue of the defendant, and plaintiff is now entitled to a refund of said amount with interest thereon at the rate of six percent per annum from December 9, 1942, and was entitled to said refund when claim was made for the same.

4. Plaintiff is, therefore, entitled to a judgment against the defendant in the sum of $1935.66 with interest thereon at six percent per annum from December 9, 1942.