## KASLE v. UNITED STATES.

Civ. A. No. 5590.

District Court, N. D. Ohio, W. D.
Nov. 25, 1947.

Harry Levison, of Toledo, Ohio, for plaintiff.

Don C. Miller, U. S. Atty., of Cleveland, Ohio, and Gerald P. Openlander, Asst. U. S. Atty., of Toledo, Ohio, for defendant.

KLOEB, District Judge.

This cause came on to be heard by the court without a jury and was submitted upon the pleadings, the written stipulation of facts entered into by the parties hereto and made a part of the record herein, and upon the evidence introduced at the trial, and the court having been fully advised in the premises, does make findings of fact and conclusions of law as follows:

### Findings of Fact

1. (a) It appears that most of the facts involved in this action are alleged in plaintiff's complaint and are admitted in defendant's answer. It also appears that the parties hereto have entered into a written stipulation of detailed facts which has been filed herein and made a part of the record. The admissions of the answer and the stipulated facts combined are so comprehensive that the remaining issues of controverted facts are exceedingly limited. Instead of repeating here at length all the facts admitted by the pleadings and also stipulated in the record, the court does hereby adopt and incorporate in this finding, by reference, all the facts admitted in said pleadings and all the facts set forth in said stipulation, and hereby makes said facts a part of this finding with the same legal effect as if this

court had made express findings of said admitted and stipulated facts.

(b) The parties hereto, prior to trial, entered into a written stipulation, which has been filed herein and made a part of the record, which stipulation, in part, provides as follows: "In view of the fact that the right of the plaintiff herein to recover in this action is based upon the same facts and rules of law as are involved in Case No. 5593, it is hereby stipulated and agreed that if the Court finds for the plaintiff in Case No. 5593 upon the issue of the contribution of $23,000 by Joe Kasle to the capital surplus of The Kasle Iron and Metal Co. and renders judgment in favor of said Joe Kasle, the Court shall also find in favor of the plaintiff in this action and render judgment in favor of the plaintiff herein and against the defendant."

(c) This court has this day made a finding for the plaintiff in case Civil No. 5593 upon the docket of this court, being the case of Joe Kasle v. United States of America, 75 F.Supp. 340, and did find that said Joe Kasle did make a contribution of $23,000 on June 2, 1932 to the paid-in capital surplus of The Kasle Iron and Metal Company, and does therefore find that this plaintiff is entitled to a judgment in this case at the same time that this court enters a judgment herein in favor of said Joe Kasle in case Civil No. 5593.

2. On June 2, 1932 The Kasle Iron and Metal Company, an Ohio corporation, owed Joe Kasle at least $23,000 by way of an account payable and said sum was then due and payable to him from said corporation.

3. On June 2, 1932 Joe Kasle contributed said $23,000 to the paid-in capital surplus of said corporation. Said contribution was a gratuitous one. There was no valuable consideration received by Joe Kasle from said corporation for said contribution, at that time or at any time thereafter.

4. At the time of said contribution, said account payable of $23,000 due and payable to Joe Kasle, had an actual value of $23,000.

5. Said contribution was made by Joe Kasle as part of an agreement between him and Sam Kasle and Frank G. Tuschman, all of whom were officers, directors and shareholders of said corporation, whereby said Joe Kasle and Sam Kasle were each to contribute $23,000 and said Tuschman was to contribute $16,000, to the paid-in capital surplus of said corporation, all without consideration from said corporation. All three of said contributions were made by said respective parties on June 2, 1932.

6. Upon making said contribution to said corporation by Joe Kasle, $23,000 of the indebtedness due from the corporation to him was cancelled with his consent, all as a part of the same transaction.

7. At the time of the making of said contribution by Joe Kasle, said $23,000 was credited to the paid-in capital account of the corporation. At the same time and as part of the same transaction the contributions made by said Sam Kasle and Frank G. Tuschman were credited to the same corporation capital account.

8. The income tax returns of the Kasle Iron and Metal Company for the fiscal years 1933 and 1934 contain balance sheets showing a paid-in capital surplus of $62,000, and said surplus consisted of the aforesaid contributions made in 1932 by Joe Kasle and the other two officers of the corporation as aforesaid.

### Conclusions of Law

1. The contribution of $23,000 made by Joe Kasle to The Kasle Iron and Metal Company, an Ohio corporation, on June 2, 1932 increased the income tax cost basis of the 15 shares of stock then owned by the plaintiff herein in said corporation from the original cost of $100 per share, or a total of $1500, to $334.694 per share, or a total of $5020.41.

2. The income tax return of plaintiff for the calendar year 1941 should have reported his income tax gain on the sale of his fifteen shares in The Kasle Iron and Metal Company as follows:

Gross proceeds of sale of shares.. $7500.00
Cost of said 15 shares........... 5020.41
———————
Total long term capital gain...... $2479.59
Net taxable capital gain......... $1239.80

3. Of the entire income tax reported by plaintiff herein for the year 1941, and thereafter paid by him, the sum of $345.13 was erroneously assessed and thereafter collected by the U. S. Collector of Internal Revenue, and plaintiff is now entitled to a refund of said amount with interest thereon at the rate of six percent per annum from December 9, 1942, and was entitled to said refund when claim was made for the same.

4. Plaintiff is, therefore, entitled to a judgment against the defendant in the sum of $345.13 with interest thereon at six percent per annum from December 9, 1942.