OPINION. Van Fossan, Judge: Respondent, on brief, has receded from the position taken by him in Docket No. 35604 and in the affirmative allegations in Docket No. 23611 that Brazoria realized income in 1945 upon the cancellation of the indebtedness owing to the Greer Building Materials Company. The petitioner and his wife concede community liability as transferees for any taxes due from Brazoria. The issues remaining relate only to the adjusted bases of certain houses for purposes of determining gain or loss and depreciation, and the amount of gain realized upon a liquidating dividend. The facts relative to the first issue, very briefly summarized, are as follows: Brazoria, organized by the petitioner, his father, and R. D. Looney, built 191 houses. Interim financing had been obtained from American General Investment Corporation and as the houses were completed and approved by the Federal Housing Administration, an insured loan, secured by mortgage from Brazoria, was obtained from Providence Institution for Savings. The interim financier was then paid. The petitioner and his- father, as equal partners, did business as the Greer Building Materials Company, which furnished materials to Brazoria for the 191 houses. The partnership carried the price of this material on an open account with Brazoria and during 1943 and 1944 materials in the amounts of $49,507.84 and $2,998.70 were sold. The sales price of these materials was carried on Brazoria’s open account. The Greer Building Materials Company and the partners, reporting their income on the cash basis, did not include the selling price of this material in their income tax returns for these years. The cost of this material, however, was included in the partnership returns as part of cost of goods sold in 1943 and 1944. In January 1945, the partnership forgave the indebtedness owing to it from Brazoria in the total amount of $52,506.54. At that time Brazoria’s outstanding stock was held principally by the petitioner and his father, each owning 4% shares. Vera L. McCartney held one-half share and the remainder was either treasury stock or held to become such. The cancellation of the indebtedness was intended to be and was a contribution to capital and was treated by Brazoria as paid in surplus. The cost of the houses, as reflected on Brazoria’s books, included the materials which had been supplied by the partnership and payment for which was forgiven. The initial question presented is the determination of Brazoria’s basis in the houses constructed by it. The respondent contends that the unadjusted basis of the 191 houses must be reduced in the amount of $52,506.54 because of the gratuitous cancellation of an unpaid account by creditors who were Brazoria’s principal stockholders at the time. We deem it unnecessary to determine the question which was raised by the respondent of the correctness of Brazoria’s method of accounting because the materials supplied gratuitously by the partnership should not be reflected in Brazoria’s basis in the houses, regardless of the method of accounting. The cancellation of indebtedness is conceded to be gratuitous and no question of income to Brazoria therefrom is presented. See Commissioner v. Jacobson, 336 U. S. 28; Helvering v. American Dental Co., 318 U. S. 322; United States v. Kirby Lumber Co., 284 U. S. 1. Where a stockholder gratuitously forgives a corporation’s debt to himself, the transaction is considered to be a contribution to capital. Helvering v. American Dental Co., supra; Regs. 111, sec. 29.22(a)-13. Although the partnership itself was the creditor to which the debt was owing, it could only act through the partners who were also stockholders in Brazoria. Moreover, a contribution to capital may be made by a nonstockholder. Brown Shoe Co., Inc. v. Commissioner, 339 U. S. 583. The Supreme Court in the latter case held that where money and property were transferred by communities to a corporation for the purpose of constructing or enlarging factories in these communities, the values received were additions to capital and constituted contributions to capital within the meaning of section 113 (a) (8) (B) of the Internal Bevenue Code.[2] The corporation there in question used the money contributed to pay general operating expenses and to purchase assets, including factory buildings and equipment. The Court held that no reduction in the depreciation basis of the properties acquired was required and that the taxpayer was entitled to deductions on account of depreciation under section 113 (a) (8) (B), Internal Bevenue Code upon all the property acquired after December 31, 1920. Thus, the contributed money was related to the properties purchased with that money for purposes of determining depreciation basis. We believe that the rationale of the Brown Shoe Co. decision requires relation of Brazoria’s forgiven debt to the property for which the debt was incurred in the determination of the basis of the property under section 113 (a) (8) (B), Internal Bevenue Code. In the Brown Shoe Co. case money was contributed and property purchased therewith. In the present instance property was originally sold and the debt for the sale price forgiven. In the Brown Shoe Co. case the assets acquired by the taxpayer were held to be additions to capital requiring no reduction in basis for depreciation purposes. The relation of money paid into a corporation and assets acquired therewith was also approved in Detroit Edison Co. v. Commissioner, 819 U. S. 98. In the present instance, however, the materials in question had a zero basis.when the contribution was made and section 113 (a) (8) requires a substitution of basis. The partnership which forgave the debt for the materials had recovered all its cost in the materials by 'including this cost in cost of goods sold in 1943 and 1944 but had not reported the unpaid sales price as income. The entire cost of the materials contributed to the corporation having been recovered by the partners, who were also the principal stockholders of the receiving corporation, the property received had a zero basis when the debt was forgiven in 1945. The conclusion reached is that Brazoria, taking the substituted basis of the partnership, cannot include the $52,506.54 in its basis in the houses constructed by it. Turning to the second issue presented, the pertinent facts are that on October 17, 1946, Alfred W. Greer sold his shares in the corporation to Brazoria as treasury stock. Following this transaction and at the date of dissolution, 3% shares were held by the petitioner, 1 share having been sold in June 1946 to Phyllis G. McMahan, who still held this share at dissolution, and y% share was held by Vera L. McCartney. The remainder was treasury stock. On December 18, 1946, Brazoria conveyed all its assets, including 40 houses under contracts for sale, the down payments for which had not been fully paid, to the petitioner. On December 20, 1946, Brazoria was dissolved. An information return was filed by Brazoria showing the value of petitioner’s liquidating dividend as $36,600.04.[3] Of the total assets, the parties agree that money in bank accounts. and cash totaling $52,507.47, $306.79 in equipment, and $15,078.18 in equity in sales contracts were properly included. It is also agreed that liabilities in the amount of $1,239 were assumed by the petitioner and tax liability in the amount of $2,437.01 was also assumed. The inclusion, urged by petitioner, of $138,002.37 as the depreciated cost of the houses in assets received and $165,611.76 as the sales price of the properties in obligations assumed cannot be approved. The petitioner could only receive from the houses under contract for sale the remaining part of the downpayment. When that payment was received a deed would be given to the purchaser who would then give a deed of trust to the loan company and a substitution of mortgagors would take place. The value of Brazoria’s equity in these contracts has already been included in the assets received by the petitioner, and no further adjustments need be made. The petitioner contends further that the amount of the debt forgiven by the partnership, Greer Building Materials Company, must be included in the basis of petitioner’s stock in Brazoria for purposes of determining the liquidating dividend. Although a contribution to capital by a stockholder will increase the cost basis of his shares of stock in the corporation, Kasle v. United States, 75 F. Supp. 340; Weeks v. White, 9 F. Supp. 79, affd. 77 F. 2d 817, see also Regs. Ill, sec. 29.22 (a)-16, we are of the opinion that the petitioner cannot here avail himself of this rule. The partnership which made the contribution to capital recovered the cost of this material by including it in cost of goods sold during 1943 and 1944. The partners who received the tax advantage of this inclusion upon their own income tax returns were the principal stockholders at the time of the forgiveness of the debt in the corporation receiving the contribution. An increase in their basis in the stock held by them would grant them a further tax advantage as stockholders upon the disposition of property, the cost of which had already been recovered for tax purposes by the same persons as partners. The partners had not included the sales price of the material in income for which they took a reduction of gross income in cost of goods sold. A further reduction upon return of the property at the time of the corporate liquidation by increasing their basis in the stock held by them could only be accomplished by appropriating a cost basis to property upon which the owners had recovered all cost. The actual cost of the petitioner’s stock is the $500 paid for it and that must be taken as his basis in determination of his liquidating dividend. Reviewed by the Court. Decisions will be entered wnder Rule 60. ' Arundell, J., dissents. SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS. (a) Basis (Unadjusted) op Property. — The basis of property shall be the cost of such property; except that— * * * * * * * (8) Property acquired by issuance op stock or as paid-in surplus. — If the property -was acquired after December 31, 1920, by a corporation— * * * * * * * (B) as paid-in surplus or as a contribution to capital, then the basis" shall be the same as it would in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made. SEC. 1,15. DISTRIBUTIONS BX CORPORATIONS. (c) Distribution in Liquidation. — Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts 'distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112. * * * SEC. 111. DETERMINATION OE AMOUNT OF, AND RECOGNITION OF, GAIN OR LOSS. (a) Computation op Gain or Loss. — The gain from the sale or other disposition of property shall’ be the excess of the amount realized therefrom over the adjusted basis provided in section 113 (b) for determining gain, and the loss shall be the excess of the adjusted basis provided in such section for determining loss over the amount realized.