[Civil No. 2360.   Filed July 7, 1925.]

[237 Pac. 1094.]

## LUCILLE WALKER, Treasurer and *Ex-officio* Tax Collector of Santa Cruz County, Arizona, Appellant, v. NOGALES BUILDING AND LOAN ASSOCIATION, a Corporation, Appellee.

1. TAXATION — TAX LIENS NOT PRIOR TO OTHER LIENS AND ENCUMBRANCES, IN ABSENCE OF STATUTORY PROVISION.—Tax liens, created by Civil Code of 1913, paragraphs 4847, 4902, 4903, are not prior to all other liens and encumbrances on same property, though legislature may so provide; such acts containing no such provision.

2. TAXATION — MORTGAGE LIEN ON ONE OF TWO NONCONTIGUOUS TRACTS, ASSESSED TO SAME INDIVIDUAL, SUPERIOR TO ALL SUBSEQUENTLY ATTACHING TAX LIENS ON OTHER TRACT.—Under Civil Code of 1913, paragraph 4845, lien of mortgage on one of two noncontiguous tracts of land, assessed to same individual, is inferior and junior to all tax liens on same land, whether attaching before or after mortgage was given, but prior and superior to all tax liens on other tract, except those in existence when mortgage lien attached.

3. TAXATION—OPTION TO DECLARE MORTGAGE DUE ON FAILURE TO PAY TAXES, ETC., NOT AVAILABLE AGAINST LIEN OF PERSONAL PROPERTY TAXES FOR YEAR IN WHICH DEFAULT OCCURS. — Option in mortgage to declare it due on mortgagor's failure to pay taxes, etc., affords mortgagee no remedy against liens on realty for personal property taxes for year in which default occurs.

4. TAXATION—SHOULD NOT BE CONSTRUED AS MAKING LIEN OF PERSONAL PROPERTY TAXES SUPERIOR TO LIEN OF PRIOR MORTGAGE ON REALTY, UNLESS CLEARLY SO INTENDED. — Court should not construe Civil Code of 1913, paragraph 4845, as making taxes on personalty, purchased by mortgagor or owned by one to whom he sold land, a lien on latter superior to that of prior mortgage thereon, unless language clearly discloses such intention, though legislature may enact law having such effect.

5. TAXATION — CONSTRUCTION OF STATUTE AS MAKING LIEN OF PERSONAL PROPERTY TAXES SUPERIOR TO THAT OF PRIOR MORTGAGE ON LAND UNNECESSARY TO ASSURE COLLECTION OF SUCH TAXES.— Civil Code of 1913, paragraph 4845, will not be construed as

---

1.   See 26 R. C. L. 389.

4.   Priority of lien for personal taxes over pre-existing liens on property of taxpayer, see note in L. R. A. 1915D, p. 886.

making lien of personal property taxes superior to lien of prior mortgage on delinquent taxpayer's land, in order to assure collection of such taxes; distraint by county assessor, when taxpayer does not own realty within county of sufficient value to pay taxes on both realty and personalty, being sufficient remedy.

6. TAXATION — THAT DISTRAINT TO COLLECT DELINQUENT PERSONAL PROPERTY TAXES WOULD OFTEN WORK HARDSHIP DOES NOT REQUIRE CONSTRUCTION OF STATUTE AS GIVING PRIORITY TO LIEN FOR SUCH TAXES OVER PRIOR MORTGAGE LIEN ON REALTY.—That distraint by county assessor for collection of delinquent personal property taxes, when taxpayer does not own realty within county of sufficient value to pay taxes on both his real and personal property, would often work hardship, does not justify construction of Civil Code of 1913, paragraph 4845, as making lien of personal property taxes on taxpayer's land superior to that of prior mortgage thereon, so as to require mortgagee to pay such taxes, regardless of amount or time when property was acquired and lien attached.

---

See (1) 37 **Cyc.**, pp. 1143, 1144.   (2) 37 **Cyc.**, p. 1145.   (3) 37 **Cyc.**, p. 1145.   (4) 37 **Cyc.**, p. 1145.   (5) 37 **Cyc.**, p. 1145.   (6) 37 **Cyc.**, p. 1145.

APPEAL from a judgment of the Superior Court of the County of Santa Cruz.   M. Marsteller, Judge. Judgment affirmed.

Mr. W. A. O'Conner, County Attorney, and Mr. E. R. Thurman, for Appellant.

Messrs. Duffy & Robins, for Appellee.

McALISTER, C. J.—This case is before the court on an agreed statement of facts which, in substance, follows: Griffith Jenkins and Jane Jenkins were the owners of three lots in the city of Nogales, Arizona, and on February 6, 1919, they mortgaged them to the Nogales Building & Loan Association.   The title remained in them until 1923, when the mortgage was foreclosed and the lots purchased by the mortgagee at the foreclosure sale; the deed therefor being executed and delivered by the sheriff within the proper time thereafter.   State, county, city, and other taxes

levied on this property for the years 1920, 1921, 1922, and 1923 were unpaid and on June 2, 1923, the purchaser tendered these to the county treasurer. Including the fees, interest, penalties, and costs they amounted to $987.61. That officer, however, refused to accept this sum, but demanded $744.92 additional because the records disclosed that Griffith Jenkins and Jane Jenkins owed that sum on their personal property for the years 1920, 1921, 1922, and 1923.

The purchaser thereupon filed its complaint, praying that a writ of *mandamus* issue commanding Lucille Walker, treasurer and *ex-officio* tax collector of Santa Cruz county, Arizona, to accept the sum of $987.61 in full payment of the taxes against said real estate for the years 1920, 1921, 1922, and 1923, and to issue it a receipt therefor. The alternative writ issued, and the defendant answered, alleging that, in addition to the lien on the said real estate for the taxes thereon, there was also on it a lien for the personal property taxes of Griffith Jenkins and Jane Jenkins for the years 1920, 1921, 1922, and 1923 amounting to $744.92, and that said lien, though later in time, was prior to the lien of the plaintiff's mortgage. After the hearing, the court entered judgment for the plaintiff upon the ground that the lien upon the land for the personal property taxes assessed against Griffith Jenkins and Jane Jenkins was subject, junior, and inferior to plaintiff's mortgage lien on the same property, and that, by purchasing said land at the mortgage foreclosure sale, and the issuance to it within the proper time thereafter of a sheriff's deed, the plaintiff acquired the land free and clear of all personal property tax liens. From this judgment the defendant appeals.

The only question presented by the record, and raised by the four assignments, is whether the statutes of this state create a lien on real property for personal property taxes prior and superior to an ex-

isting mortgage lien on the same property. Appellant contends that they do, and appellee admits that a lien on real property for personal property taxes is given by the statute, but claims that it is not prior and superior to one already in existence. In arriving at their respective conclusions, both parties rely principally upon paragraph 4845, Revised Statutes of 1913 (Civ. Code), reading as follows:

"4845. Every tax levied under the provisions or authority of this act upon any real or personal property is hereby made a lien upon the property assessed, which lien shall attach on the first Monday in January in each year and shall not be satisfied or removed until such taxes, penalty, charges, and interest are all paid, or the property has absolutely vested in a purchaser under a sale for taxes. Said lien shall be prior and superior to all other liens and incumbrances upon the said property."

There are other sections making one class of property liable for the taxes on another; for instance, the last sentence of paragraph 4847 of the Civil Code of 1913 provides that—

"Each individual item of property contained in an assessment shall be held liable for the taxes on all items of personal property in the same assessment."

And paragraph 4902 provides that the taxes assessed upon personal property shall be a lien upon the real property of the person assessed, while paragraph 4903 says that personal property shall be liable for taxes levied on real property, and real property shall be liable for taxes levied upon personal property. But in none of these is it provided that the lien created thereby shall be prior and superior to all other liens and encumbrances upon the same property, and it is not claimed by either party that a lien thus created, even including a tax lien, has such preference, unless the statute gives it; the general

rule being that such priority does not exist. "It is competent," however, according to 37 Cyc. 1143, "for the Legislature to make taxes a paramount lien on the property of the taxpayer, and this has been done in many states; the consequence being that the lien for taxes takes precedence of every other lien or claim upon the property of whatsoever kind, however created, and whether attaching before or after the assessment of the taxes. But this preference does not belong to the tax lien unless it is so declared by statute, and a law for example, which merely enacts that taxes shall be a lien on real property, does not make them a first lien." See 26 R. C. L. 389; 27 Am. & Eng. Ency. of Law, 2d ed., 741; 37 Cyc. 1145; *Miller v. Anderson,* 1 S. D. 539, 11 L. R. A. 317; 47 N. W. 957; Cooley on Taxation, 444.

The lien created by paragraph 4845, however, is by the provisions thereof made prior and superior to all other liens and encumbrances on the same property, and if, by the term "property assessed," as used in that section, the legislature meant to include every item of property listed in the assessment of any taxpayer, regardless of its character, a lien on real estate for a personal property tax undoubtedly has priority over the lien of a mortgage on the same property, though it has already attached. But if by this term is meant that the tax levied upon the real property assessed is made a lien on that property only, and the tax levied on the personal property assessed is made a lien on that property only, one could not under this section justify the conclusion that a lien superior to all others exists on real property for a personal property tax, for no lien for taxes except that created by this section is given a preference; the others being governed by the rule that the first in time is the first in right.

Considered merely in connection with the language of the paragraph in which they appear, it is not quite

clear just what meaning the legislature intended these words should have, but, viewing them in the light of the fact that property itself rather than its owner is liable for the taxes thereon, and of the further fact that the provisions of the statute require that different parcels of noncontiguous real estate, as well as different classes of personal property, be separately listed and valued, they point to the conclusion that reference is had to those pieces of property which have been separately listed and valued, and upon which the assessments are complete within themselves, without reference to other items of the same person's property. Given this meaning, which we think, the proper one, it follows that the lien of a mortgage upon one of two noncontiguous tracts of land assessed to the same individual is inferior and junior to all tax liens on the same land, whether they attach before or after the mortgage is given, but is prior and superior to all tax liens on the other tract, except those in existence when the mortgage lien attaches. In other words, a tax lien is prior and superior to an older mortgage lien only on real property, separately listed and valued, and such is true of the various items of personal property assessed in the same way. If the language of paragraph 4845 declared that the tax levied should be a lien upon all the property assessed in the name of the particular taxpayer, this of course would not be true; but, inasmuch as it does not, we think the court should not construe it to mean that when to do so would in many cases undoubtedly impair, if not wholly defeat, pre-existing liens taken in the best of faith and in accordance with careful business methods. In discussing this proposition, the Supreme Court of South Dakota, in *Miller* v. *Anderson, supra,* used the following very appropriate language:

"A long-time mortgage, for a considerable portion of the purchase money of a farm, is taken, and such

instances are not rare. It might not be unreasonable to say, as suggested in the majority opinion in the Iowa case, that the mortgagee should see to it that he has sufficient margin to protect himself against the personal property taxes of the mortgagor; but during the term of the mortgage the mortgagor may sell to another, from whom personal property taxes to a large amount may be due, and he in turn to another in the same condition, and so on, and these delinquent personal property taxes, no matter to what amount, attach at once as fast as the tax debtors take their title as liens upon the real estate, prior and paramount to the mortgage, and possibly to its utter annihilation as security. The original owner of the farm, who took the mortgage in good faith, and with ample security for the debt it represented, is powerless to prevent these transfers, and how can he protect himself? Such a case would not, we think, be an improbable one. There are, we suppose, many pieces of real property in this state upon which are mortgages originally taken with a fair margin, but by depreciation and the accumulation of interest and taxes, the encumbrance now equals the value of the land. A tax debtor from whom is due a large amount of personal property taxes, uncollected on account of the transitory nature of the property upon which it was assessed—property easily placed and kept out of the convenient reach of the tax collector—has only to find such a piece, procure the title for a nominal sum, and at once his delinquent taxes give him no further trouble, for they at once become a first lien upon and the mortgaged land must pay them. But who pays them? Plainly not the tax debtor, but an absolute stranger to him and to the indebtedness; and he is compelled to pay them solely as the result of acts of others which he could not control, and against which no human prudence could have provided. Instances like this might be rare, but they are possible under the construction claimed by respondent, and, we think not improbable; and, to quote from the dissenting opinion of GRANGER, J., in the Iowa case [*New England Loan & Trust Co.* v. *Young,* 81 Iowa, 732, 46

N. W. 1105] : 'Such a law could have no vindication against a single instance of such injustice.' "

See *Bibbins* v. *Clark,* 90 Iowa, 230, 57 N. W. 884, 29 L. R. A. 278, 59 N. W. 290; *Lobban* v. *State,* 9 Wyo. 377, 64 Pac. 82; *State, Macknett, Prosecutor,* v. *City of Newark,* 42 N. J. L. 38.

The only case cited by appellant holding to the contrary is *California Loan & Trust Co.* v. *Weis,* 118 Cal. 489, 50 Pac. 697, construing various provisions of the Code of that state relating to tax liens. These provisions are in important particulars unlike Arizona's, but if this were not true we are of the opinon that the construction placed upon statutes similar to those of this jurisdiction by the courts of South Dakota and Iowa are clearly correct.

It is argued, however, that most realty mortgages, the one in question being among them, contain a provision giving the mortgagee the option to declare them due upon the mortgagor's failure to pay the taxes, assessments, interest, etc., and that this affords the mortgagee all the remedy he needs against personal property tax liens thereon. This may be true so far as the taxes for the years succeeding the one in which a default occurs are concerned, but it would be of no avail against the taxes for that year, because the mortgagee could not exercise his option to declare the mortgage due previous to a default in the payment of taxes. It is plain, therefore, that, if the mortgagor should purchase a large herd of cattle, stock of merchandise, or other personal property, the taxes thereon would become a lien upon his real estate, and, if such lien be superior to the older one of the mortgagee, the latter's equity would be lessened to the extent of the taxes on this personal property, or perhaps totally destroyed; the fact that he could declare the mortgage due for failure to pay these taxes and foreclose it furnishing him no relief against a lien

for taxes which had already attached. Under such conditions no investment secured by a mortgage on real property would be safe, because the investor could not foresee whether the mortgagor would sell the land to one owning a large amount of personal property, or whether he would himself become the purchaser of such property; the taxes thereon in either instance becoming a lien on the property securing his investment. The legislature can, of course, enact a law having this effect, but this court should not hold that it has done so until the language used by it discloses clearly that such was its intention.

The public revenue must be collected, and appellant urges that this cannot be done in all instances unless the construction claimed by her is placed on the statute, but, inasmuch as the county assessor is given the power of distraint, when in his judgment the taxpayer does not own real property within the county of sufficient value to pay the taxes on both his real and personal property, there would seem to be no force in this argument, for such a proceeding furnishes all the remedy needed for the purpose of collecting personal property taxes. It is claimed further, however, that distraint would often work a hardship, and for this reason the officers should not be compelled to resort to it. This fact, however, if it be a fact, is not sufficient to justify this court in holding that one who has loaned money on land must pay the taxes on the personal property of the owner of that land, regardless of the amount of those taxes or of the time when that property was acquired and the lien attached.

There is no question but that the statute places a lien on the real estate of a taxpayer for his personal property tax, and that such lien is prior and superior to all subsequent liens upon the same property, but, inasmuch as the statute does not make such a lien prior and superior to other encumbrances, it stands

upon the footing of other liens, and is consequently inferior and junior to those in existence when it attached.

Since, therefore, the lien of appellee's mortgage upon the real estate in question had attached before the personal property tax lien thereon did, it is prior and superior to the latter, and entitles appellee to an affirmance of the judgment.   It is so ordered.

ROSS and LOCKWOOD, JJ., concur.