[Civil No. 4324.   Filed February 24, 1941.]

[109 Pac. (2d) 621.]

COUNTY OF MARICOPA, a Body Politic and Corporate, and THE STATE OF ARIZONA, Appellants, v. ARIZONA TRACTOR AND EQUIPMENT COMPANY, a Corporation, Appellee.

Mr. Joe Conway, Attorney General, Mr. Earl Anderson, Assistant Attorney General, Mr. Richard F. Harless, County Attorney, and Mr. Leslie C. Hardy, Deputy County Attorney, for Appellants.

Mr. Frank W. Beer, for Appellee on Motion for Rehearing.

LOCKWOOD, C. J.—Appellee herein has filed a motion for rehearing on the ground that in the original opinion we did not rule upon its contention that the taxes for personal property in a given year did not become a lien upon real estate acquired by the taxpayer after the beginning of that year.

The record in the trial court is of such a nature that the question might have become an issue thereunder, and, indeed, appellee in its brief on appeal

raised it. It was also suggested by the statement of facts in the brief of appellant, but it was not mentioned in the assignment of errors, and the argument in its brief did not discuss it but was apparently devoted entirely to the question as to whether a tax lien for personal property, which had admittedly attached to a number of pieces of real estate, could be divested by selling one of these pieces of realty for the total amount of both real and personal property taxes which had become a lien against it. We, therefore, assumed that appellant had abandoned any contention that a personal property tax lien ever attached to real estate purchased after the year in which the personal property tax was levied, and did not discuss that matter. It appears, however, on a re-examination of the record, that in view of the allegations of the complaint and answer, the trial court might be led into error in rendering its declaratory judgment by our failure to determine this point.

We think it unnecessary to go into an extended discussion thereof for we have, and had, no doubt at any time that under Section 73–506, Arizona Code, 1939, the lien for personal property taxes which it gives against the real estate of the owner of the personal property under any reasonable interpretation of the statute, applies only to real estate owned by the taxpayer on the 1st day of January of the year for which the personal property assessment and levy is made, for our tax statutes provide that tax liens for the year attach on that day.

In rendering its judgment, the trial court should, therefore, declare that no personal property tax lien for the years 1933 or 1934 ever attached to any real estate, the title of which did not pass to appellee until after the 1st day of January of the respective years in which the personal property tax was levied.

The judgment heretofore rendered is modified to this extent, and is otherwise affirmed.

McALISTER and ROSS, JJ., concur.