167 P.2d 933

**CITY OF PHOENIX et al. v. WAYLAND et al.**

No. 4767.

Supreme Court of Arizona.

April 1, 1946.

**224**

Richard Minne, City Atty., and Wm. C. Fields, Deputy City Atty., both of Phoenix, for appellants.

Snell, Strouss & Wilmer, of Phoenix, for appellees.

· LaPRADE, Judge.

Appellees, plaintiffs below, filed an action against numerous defendants, among them appellant city of Phoenix, seeking to quiet appellees' title to certain lots in the city of Phoenix. The appellants, answering the suit to quiet title, claimed a lien against the property for taxes levied by the city of Phoenix for each of the years 1929 to 1940, inclusive. The trial court entered judgment quieting title in the appellees as against appellants' claim of lien.

The property involved herein consists of seventeen lots in Churchill Addition, an addition to the city of Phoenix, Ariz. On July 11, 1932, these lots were duly and regularly sold for state and county taxes for the years 1927 to 1930, inclusive, and certificates of purchase issued to the state of Arizona as purchaser, pursuant to the provisions of Chapter 103, Laws of 1931, Art. 8, Ch. 73, A.C.A.1939. On June 24, 1940, treasurer's deeds were issued to the state of Arizona under the provisions of Sections 49, 50, and 51, Laws of 1931, Secs. 73-835, 73-836, and 73-837, A.C.A.1939. Thereafter the board of supervisors of Maricopa County, in the manner required by law, advertised these lots for sale and on June 14, 1943, sold and conveyed them to the appellees.

The appeal comes to this court on an agreed statement of the case and brings in question the relative priority of the liens of state, county, and city of Phoenix taxes, and the status of the lien of city of Phoenix taxes after title to the property has passed to the state of Arizona, the city of Phoenix taxes having been levied against the property prior to the acquisition of title thereto by the state.

We have had recourse to the following adjudicated principles of law in reaching the conclusions herein expressed. Unless restricted by the state Constitution, the Legislature has full power to determine and fix the priority of tax liens. Walker v. Nogales, etc. Ass'n, 28 Ariz. 484, 237 P. 1094; Steinfeld v. State, 37 Ariz. 389, 294 P. 834; Home Owners' Loan Corp. v. City of Phoenix, 51 Ariz. 455, 77 P.2d 818; Holbrook, Town of v. Koury, 50 Ariz. 526, 73 P.2d 698, 51 Am.Jur., Taxation, § 1016.

The Constitution of the state of Arizona places no restriction upon the power of the Legislature to fix the priority of tax liens.

Section 73-506, A.C.A.1939, Sec. 1, Ch. 106, L.1931, provides in part as follows: "Every tax levied under the authority of this chapter upon real or personal property shall be a lien upon the property assessed. * * * The lien shall be prior and superior to all other liens and encumbrances upon the property, except liens or encum-

brances held by the state of Arizona. * * *"

By these provisions of Section 73-506, the Legislature has given the lien of taxes levied under the authority of Chapter 73, A.C.A.1939 (Ch. 75, R.C.A.1928) a priority and superiority over all other liens and encumbrances except liens and encumbrances held by the state.

█ State and county taxes are levied under the authority of Article 5, Chapter 73, or specifically under the authority of Section 73-501 (Sec. 3096, R.C.A.1928), and have the superiority of lien fixed by Section 73-506, supra.

█ In order for taxes of cities and towns to be levied under the authority of Chapter 73, such taxes must be levied in conformity with the requirements of Article 6 of Chapter 73. To conform to the requirements of Article 6, the levy must be made upon the valuation made by the county assessor, extended on the county tax roll, equalized by the county and state boards of equalization in the same manner state and county taxes are equalized, and collected by the county treasurer in the same manner state and county taxes are collected. The proceeds, upon collection by the county treasurer, are distributed pro rata among the several taxing units. Section 73-606. When so levied they have the superiority and priority provided in Section 73-506, supra,—that is, they are on a parity with state and county taxes. The lien for taxes of several taxing units can only be on a parity where they are all collected together at one time. If the taxes of each taxing unit are separately enforced and the one first selling must sell subject to the lien for taxes of the other taxing unit, then the selling unit may sell only the equity over and above the lien of the other taxing unit, and has in effect only a second or junior lien.

As we said in Trigg v. City of Yuma, 59 Ariz. 480, 130 P.2d 59, 60, 61: "While the legislature provided for a system of equalizing city and town taxes by giving that power to the board of supervisors of the county, it, at the same time and in the same act, negatived any notion that such method of fixing tax valuations was exclusive. On the contrary, it recognized that the constitution gave such units the right to adopt their own system of assessing and equalizing their taxable property for municipal purposes. * * *"

██ The city of Phoenix operates under what is called a "home rule charter." Under the state Constitution the city of Phoenix may provide—and it has provided —a system for the assessment, levy, and collection of property taxes entirely independent of that provided by the state law. Home Owners' Loan Corp. v. City of Phoenix, supra. Under the authority of the charter of the city of Phoenix, property is assessed and valued by the city assessor whose office was created under the authority of the charter; assessments are equalized by the city commission under the au-

thority of the charter; and the taxes are collected through the city tax collector, whose office was created under the authority of the charter. Clearly, property taxes of the city of Phoenix are levied under the authority of the charter of the city of Phoenix, and are not levied under the authority of Chapter 73, A.C.A.1939 (Ch. 75, R.C.A.1928). They are not then entitled to the priority or superiority of lien fixed by Section 73-506, supra, and thus are junior in lien to state and county taxes.

As held by the trial court, upon foreclosure of the prior and superior lien for state and county taxes, the junior lien for city of Phoenix taxes was extinguished and discharged. Town of Holbrook v. Koury, 50 Ariz. 526, 73 P.2d 698; State v. Martin, 59 Ariz. 438, 103 P.2d 48, 51; City of Phoenix v. Elias, 64 Ariz. 95, 166 P.2d 589.

The appellee has urged the doctrine of merger. We have frequently held that, upon acquisition by the state of legal title to property, the liens and equitable titles of the state and the various political subdivisions merge in the superior legal title of the state. Hollenbeck v. Yuma County, 61 Ariz. 160, 145 P.2d 837, 839; State ex rel. Peterson v. County of Maricopa, 38 Ariz. 347, 300 P. 175; Board of Supervisors v. Miners, etc., Bank, 59 Ariz. 460, 130 P.2d 43, 47. However, since we have held above that the lien of the city of Phoenix for its taxes is junior to the lien for state and county taxes and is discharged by a foreclosure of the lien for state and county taxes, any discussion here of the doctrine of merger would be purely dicta.

The judgment of the trial court is affirmed.

STANFORD, C. J., and MORGAN, J., concur.