**In re TAX ROLLS FOR CITY OF YAKU-TAT, ALASKA.**

No. 6581–A.

United States District Court
Alaska. First Division. Juneau.
March 6, 1952.

Wm. L. Paul, Jr., Juneau, Alaska, for petitioner.

R. E. Robertson, Juneau, Alaska, for objectors.

FOLTA, District Judge.

This is the second phase of the litigation between the City of Yakutat and the objectors Libby McNeill & Libby and Yakutat & Southern Railway over the validity of taxes levied on the real and personal property of the objectors for 1948 and 1949—the first two years of the existence of Yakutat as the municipality of the second class. The first phase ended in the decision adverse to the petitioner, City of Yakutat v. Libby McNeill & Libby, D.C., 98 F.Supp. 1011. The present controversy stems from the city's presentation to the Court of the delinquent tax roll and its application for an order of foreclosure and

sale of objectors' property for non-payment of the taxes for the years referred to.

There is no orderly or systematic marshalling of the facts or presentation of the issues or points, with the argument confined to a single issue or point at a time, in consequence of which the task of the Court, in searching the records in the two cases, has been made difficult and time consuming, with no assurance against oversight.

■ Since I find that the Board of Trustees of the city, acting as an equalization board, accepted the valuation placed by the objectors upon their combined properties for the tax year 1948 of $281,625, and accordingly conclude that this was a valid equalization of the assessment and not, as the city contends, an attempted compromise of a tax claim which admittedly is beyond the power of a municipality, the controversy is limited to the validity of the tax for 1949 and fairly comprehended by the following statement of contentions:

(1) That the present proceeding is void under Sec. 16-1-122, A.C.L.A. 1949, because the notice of delinquent taxes recited that the tax roll would be presented to the Court on a date antecedent to the expiration of the period prescribed by law for that purpose, even though the tax roll was in fact not presented until after that date.

(2) That, although the real and personal property involved is separately owned, it has, in disregard of that fact, been dealt with not only as if it were in sole ownership, but without segregating the real from the personal property, and foreclosure—a remedy not available as to personal property taxes—is prayed for.

(3) That no assessor was appointed and that there has been no assessment or equalization of the tax.

(4) That the valuation of $283,630, as against the objectors' valuation of $137,500, is not according to value; that the tax is disproportionate and unequal and that the Board of Trustees has neither equalized the tax nor sat as an equalization board.

(5) That the acceptance by the city of the payment of an amount equivalent to what the tax would have been had the city accepted the objectors' valuation, estops the city from claiming any additional amount as tax due.

(6) That the notice of delinquent taxes was not published under the direction of the Board of Trustees or in a newspaper designated by it.

■ The first contention appears to be devoid of merit. The statute provides for the publication of the notice of delinquent taxes and that the notice shall set forth, inter alia: "that on a certain day not less than 30 days after the completion of the publication * * * said roll will be presented to the District Court for judgment and order of sale".

The argument appears to be based on the assumption that the roll was presented to the Court before the expiration of the 30 day period, whereas, although the notice states that it would be presented during that period, it was not in fact presented until long afterward. In these circumstances, it would appear to be a mere irregularity, Miller v. Lakewood Housing Co., 125 Ohio St. 152, 180 N.E. 700, 81 A.L.R. 1239; and, in any event, the objectors have failed to show that they have been prejudiced in a substantial right—a prerequisite to invalidation under Sec. 16-1-124, the pertinent part of which reads as follows: "At such hearing the duplicate tax roll shall be prima facie evidence of the regularity and legality of the assessment and levy of the tax and that the same is unpaid, and no objection to the valuation of the property, the manner of the assessment and levy of the tax, or any of the subsequent proceedings shall be entertained by the court which does not effect the substantial rights of the party interposing the objection."

■ The answer to the second contention is that the objectors have themselves, in their dealings with the city in respect to the tax here involved, similarly treated the property as if it were in single ownership and made returns and payments accordingly. Having done this, they waived their right to segregation and may not now be heard to complain that the city dealt with their property in similar fashion.

I find that the evidence in support of the third contention is insufficient to overcome the statutory presumption and that the evidence in support of the fourth contention is insufficient to sustain it. As to the fifth contention, I conclude, in the absence of a showing of statutory authorization that a municipality has no power to compromise a valid tax claim.

The sixth contention is not supported by any competent evidence and hence the presumption of regularity and validity prevails.

I conclude, therefore, that the applicant is entitled to an order of sale as prayed for, so far as the year 1949 is concerned.