**LIBBY, McNEILL & LIBBY et al. v. CITY OF YAKUTAT, ALASKA.**

No. 13455.

United States Court of Appeals Ninth Circuit.

July 8, 1953.

Rehearing Denied Aug. 13, 1953.

R. E. Robertson and Robertson, Monagle & Eastaugh, Juneau, Alaska, for appellants.

Frederick Paul, Seattle, Wash., and William L. Paul, Jr., Juneau, Alaska, for appellee.

Before HEALY, BONE and POPE, Circuit Judges.

BONE, Circuit Judge.

The City of Yakutat, Alaska instituted this statutory proceeding to foreclose the lien of property taxes assessed by the City against property of appellants for the taxable year 1949. After a hearing the court below ordered that the property assessed be sold to satisfy the lien of taxes, penalty, interest and costs thereon. This appeal followed. See the lower court's opinion, 111 F.Supp. 387.[1]

The property which the court ordered sold consists of both real and personal property formerly used by appellants in their operation of a salmon cannery, store and railroad in Yakutat, the property being described as "U. S. Survey Alaska No. 2881 together with personal property thereon located." The property was ordered sold for taxes, penalties and interest in the total amount of $2587.61, which included the tax, penalty and interest due upon both the real and personal property described as above. The amount due on the realty and that due on the personalty were not separately stated.

In effect, the court treated the tax, penalty and interest due on both the realty and personalty as a lien upon the entire property against which the taxes were assessed, both real and personal, and ordered the whole of the property sold to discharge such lien. To affirm we must find statutory authority for the following two propositions: (1) The lien of all property taxes attaches to all of the property assessed in the name of the taxpayer, both real and personal; and (2) such lien may be enforced in a statutory proceeding of the kind here involved.

Taxes are not a lien unless expressly made so by statute, and when expressly created, the lien is not to be enlarged by

---

1. This is the second action brought by the City against appellants to recover 1949 property taxes. In the first action the City sought a personal judgment for the amount of the tax. The court entered judgment for appellants on the ground that a personal action would not lie for the recovery of real property taxes. City of Yakutat v. Libby, McNeill & Libby, D. C., 98 F.Supp. 1011. The record in the earlier proceeding was made a part of the record in the instant case by stipulation.

construction. Fresno County v. Commodity Credit Corp., 9 Cir., 112 F.2d 639, 640, 641; 3 Cooley, Taxation § 1230 (4th Ed.). The pertinent Alaskan statutory provision is A.C.L.A.1949, § 16–1–113: "All general taxes [real and personal property taxes] levied by the council shall be a lien upon the property assessed, and such lien shall be prior and paramount to all other liens or encumbrances * * *."[2]

This language is not altogether clear as to the *extent* of the tax lien, but its meaning becomes plain when the statutory provisions for *enforcement* of tax liens are considered. In A.C.L.A.1949, § 16–1–141, the terms "real property," "tract," and "personal property" as used in the property tax statute are defined. The lien of personal property taxes is enforceable by distraint and sale of the personal property assessed. A.C.L.A.1949, § 16–1–115. The procedure for foreclosing the lien of real property

taxes is set out in A.C.L.A.1949, § 16–1–121 et seq. The proceeding there outlined presupposes separate assessment of individual tracts of realty, although assessed in the name of a single owner, since it is provided that each tract of realty upon which taxes are delinquent may be sold to satisfy the tax, penalty and interest *due upon that tract only*.[3] No further remedies are provided by statute for the enforcement of the liens.

When § 16–1–113, supra, providing that general property taxes shall be a lien "upon the property assessed" is considered in the light of these enforcement provisions, and in light of the requirement of separate assessment of personalty and realty, and individual tracts of realty, the meaning of that section would seem to be that so much of the property tax as is separately assessed against particular property is a lien upon that property only.[4] If the

---

2. Section 16–1–113 deals with property taxes levied by cities of the first class. Yakutat is a city of the second class. Under A.C.L.A. 1949, § 16–2–5, "* * * all the provisions of the laws of the Territory relative to the levy and collection of taxes in cities of the first class shall apply with full force and effect to incorporated cities of the second class; * * *."

By Ordinance No. 1, passed and approved July 3, 1948, the City of Yakutat levied the tax here sought to be collected. This ordinance, as regards the assessment and collection of the tax, substantially follows the applicable Alaskan statutory provisions controlling taxation in cities of the first and second class. Section 14 of that ordinance, however, varies significantly from the language of A.C.L.A. 1949, § 16–1–113, quoted above in the text. Section 14 provides: "All taxes levied by the Board of Trustees pursuant to this ordinance [real and personal property taxes] and pursuant to the laws of the Territory, shall be a lien upon all the property assessed, * * *." (Emphasis ours.) To the extent that this section is inconsistent with A.C.L.A. § 16–1–113, it is of no effect.

3. This is the general rule in the states. Where the statute is not plainly to the contrary, it is generally held that the lien of taxes assessed against a particular tract attaches to that tract only and not to other realty owned by the same taxpayer. See City of Washington v. Pratt,

8 Wheat. 680, 21 U.S. 680, 5 L.Ed. 714; 3 Cooley, Taxation, § 1236 (4th Ed.). But where personal property taxes are made a lien on the taxpayer's personalty, it is generally held that the lien of the entire tax on the personal property extends to all the personalty assessed. 3 Cooley, Taxation, § 1236 (4th Ed.).

4. Provisions similar to § 6–1–113 have been considered in the state courts. See Home Owners' Loan Corp. v. City of Phoenix, 51 Ariz. 455, 77 P.2d 818; Maricopa County v. Arizona Tractor & Equipment Co., 57 Ariz. 49, 109 P.2d 618; Commonwealth v. Walker, 80 S.W. 185, 25 Ky.Law Rep. 2122. These cases are not helpful, however, since in each the scope of the lien created has been determined by reference to other provisions appearing in the tax statutes which were unlike anything appearing in the statute here under consideration.

In the case of Walker v. Nogales Building & Loan Ass'n, 28 Ariz. 484, 237 P. 1094, 1095, the court found it necessary, though in connection with a quite different problem, to construe the following statutory provision standing alone: " 'Every tax levied under the provisions or authority of this act upon any real or personal property is hereby made a lien upon the property assessed, * * *. Said lien shall be prior and superior to all other liens and incumbrances upon the said property.' " Rev.St.1913 Ariz. § 4845. Other statutory provisions specifically made personal property taxes a lien upon

lien is broader than this, we should have to attribute to the legislature the highly improbable purpose to create tax liens broader than the remedies which it has supplied for their enforcement.

We conclude that the lien of real property taxes is confined to realty, and that the lien of personal property taxes is limited to personalty. Even if it were otherwise, it is doubtful that the order of the court below could be affirmed, since the remedy pursued by the City is that provided in A.C.L.A.1949, § 16–1–121 et seq., which, as has been seen, is available only to enforce the lien of real property taxes against the realty assessed. Since the court below ordered property of *both classes* sold as an entirety to satisfy taxes, penalty and interest due upon both classes in a single, lump-sum amount, the court erred, and exceeded the power conferred by statute, in the following particulars: (1) Personal property was ordered sold to satisfy a tax on real property, when such tax is not a lien on personalty; (2) real property was ordered sold to satisfy a tax on personal property, when such a tax is not a lien on the realty; (3) personal property was ordered sold, and the lien of personal property taxes enforced, in a statutory proceeding designed solely for the sale of real property for real property taxes.

■ We are mindful of A.C.L.A.1949, § 16–1–124, which provides that no objection of a taxpayer shall be entertained which does not affect his substantial rights. And that provision should be given full effect, particularly in a case involving the assessment of taxes by a political unit of the nature of the City of Yakutat, a small vil-

lage of about 275 persons, separated from Juneau, the nearest city of any substantial size, by more than 200 miles. Needless to say, however, the errors here committed are not mere technical irregularities. Property of appellants has been ordered sold in an inappropriate statutory proceeding to enforce liens which do not exist; the error does adversely affect the "substantial rights" of the taxpayers.

■ Appellee here presses the argument, relied upon by the court below, that appellants, by payment of their 1948 property taxes in a lump sum, without insistence upon segregation of the real and personal property taxes, have no standing to complain that the two were intermingled in the instant proceeding. However, taxpayers are not bound to inquire as to the method used to compute their taxes before making payment, on penalty of being subjected to extra-statutory deprivations of their property for nonpayment of taxes the following year. The court's power to order property sold for taxes has its sole and only source in the statute. This statutory power cannot be increased by any act or omission of the taxpayer.

Ordinarily the errors noted would not require reversal of the order in toto. If we should examine the other questions raised by appellants and resolve them in appellee's favor, and if it appeared that the realty was regularly assessed and that all or a part of the taxes thereon are unpaid, we might properly remand the cause with directions to enter an order directing sale of the realty only, to discharge the lien of real property taxes, penalty, interest and costs thereon. See State v. Hunt, Tex.Civ.App.,

the taxpayer's realty, but did not declare such lien to be superior to other encumbrances. The question before the court was whether the lien of personal property taxes upon the taxpayer's realty was superior to a mortgage prior in time. The court held that it was not, construing the statutory provision, as we have construed § 16–1–113 in the instant case, as only creating a lien upon property separately assessed for the amount of tax due upon that particular property. The court said: " * * * in the light of the fact that * * * the provisions of the statute require that different parcels of non-con-

tiguous real estate, as well as different classes of personal property, be separately listed and valued [the words of the statutory provision], point to the conclusion that reference is had to those pieces of property which have been separately listed and valued, and upon which the assessments are complete within themselves, without reference to other items of the same person's property. * * * If the language * * * declared that the tax levied should be a lien upon all the property assessed in the name of the particular taxpayer, this of course would not be true". 237 P. at page 1096.

**616**

207 S.W. 636, reversed on other grounds 110 Tex. 204, 217 S.W. 1034.

The difficulty, however, is that the amount of taxes, penalty and interest due upon the realty alone is not shown in the record. If the amount were separately stated in the delinquent tax roll filed by the city with its application for order of sale, it would be presumed that the realty was properly assessed and that the amount stated remains unpaid. A.C.L.A.1949, § 16–1–124. But the taxes due upon the realty and personalty were "lumped" and stated in a single amount. This is the same as no statement at all, since there is no basis for allocating any part of the amount stated to the realty. If the realty and personalty of appellants were ever separately assessed, as the statute requires, that fact does not appear in the record. Since there is nothing in the record to indicate, and no basis for a presumption that the realty was properly assessed, or, if properly assessed, that any specific amount of taxes thereon is unpaid, the City has made no case against appellants. No part of the order can stand.

The order of sale is reversed.