**YAKUTAT & SOUTHERN RAILWAY, a Corporation; Libby, McNeill & Libby, a Corporation, and Bellingham Canning Company, a Corporation, Appellants,**

v.

**The CITY OF YAKUTAT, Appellee.**

**LIBBY, McNEILL & LIBBY, a Corporation, and Yakutat & Southern Railway, a Corporation, Appellants,**

v.

**The CITY OF YAKUTAT, Alaska, Appellee.**

Nos. 14561, 14562.

United States Court of Appeals Ninth Circuit.

Oct. 27, 1955.

R. E. Robertson, Robertson, Monagle & Eastaugh, Juneau, Alaska, for appellants.

William L. Paul, Jr., Frederick Paul, Seattle, Wash., for appellee.

Before DENMAN, Chief Judge, HEALY, Circuit Judge, and JAMES M. CARTER, District Judge.

DENMAN, Chief Judge.

These are appeals from orders of the District Court directing the sale of ap-

pellants' real property to satisfy liens for unpaid taxes claimed by the City of Yakutat, Alaska. Appellants contend that the trial court was without jurisdiction to hear one of the cases, that this court has already decided that the evidence is not sufficient to support the orders, that procedural irregularities in the assessment of the taxes invalidate the tax liens, and that the amount of the judgment is erroneous.

Case number 14,562 deals with the enforcement of liens for delinquent taxes assessed by the City of Yakutat in 1949. This court reversed a prior order of sale to satisfy the City's lien for these taxes because the record failed to show a segregation of the amounts assessed against real and personal property.[1] A new trial was held. Evidence of segregation was introduced and the City's claim was amended to cover only taxes on a specific parcel of realty. The order of sale presently under consideration resulted. Case number 14,561 deals with liens for taxes assessed for the years 1950 and 1951. Appellants' contentions in both cases are almost identical.

Appellants argue that the District Court was without jurisdiction to hold a second trial concerning the 1949 taxes and enter an order directing sale after this Court had unqualifiedly reversed the first order. The mandate of this Court directed the District Court to hold such proceedings as would be in conformity with the opinion and judgment rendered. A new trial for the purpose of proving segregation between taxes on real and personal property was in conformity with the opinion of this Court. In fact, our opinion indicated that we might have affirmed at least part of the prior order of sale if evidence of separate assessments of real and personal property could have been found in the record. The only thing which became the law of this case as a result of that opinion was that the evidence *then in the*

---

1. Libby, McNeill & Libby v. City of Yakutat, 206 F.2d 612 (Cir. 9, 1953).

*record* did not show the segregation necessary to support the order under the Alaska statutes.

█ It is unquestioned that the Board, instead of appointing an assessor for the years 1949, 1950 and 1951, assessed the property on the valuation made by an assessor in 1948. The statute, however, provides that no such defect shall invalidate the assessment unless it "effects the substantial rights of the party interposing an objection." Section 16–1–124, A.C.L.A.1949. Under another statute and an ordinance of the City of Yakutat a taxpayer may contest valuation before a Board of Trustees meeting as a board of equalization.[2] Appellants wrote a letter to the Board stating that the valuation was too high. The Board set a date for hearing at which appellants made no showing as to the value of their property. We hold, under these circumstances, that the failure to assess did not affect any substantial right of the taxpayers.

█ Appellants contend that the City Council failed to publish or post notices of their delinquencies. Since they had knowledge of the delinquencies and the proceedings to enforce the City's liens their rights were not substantially affected by such failure.

█ Appellants contend that the Delinquent Tax Roll failed to show a segregation between the value of the real and personal property assessed by the City as required by this Court's decision in Libby, McNeill & Libby v. City of Yakutat, 206 F.2d 612 (Cir. 9, 1953). To comply with this decision the City Council offered in evidence a photostatic copy of a page of its original book of assessment records which showed such a segregation. Appellants contend that this document was inadmissible because city officials cannot alter or amend tax rolls

without complying with certain statutory procedures. Here, however, there was no such amendment of the original records of assessment. What was offered was the original record itself. There is no merit in this contention.

Appellants point out that the photostatic copy of the City's original records shows a valuation of $187,125.00 while the City's claim and the Court's order against appellants' property was based on a valuation of $193,695.00 for 1949 and $187,625.00 for 1950 and 1951. The City Attorney in oral argument before this Court conceded that the order of sale should conform to the valuation in the original record. This modification of the valuation of the property in question gives rise to a decrease in the amount of taxes which are delinquent and correspondingly a decrease in the amount of penalty and interest which should be assessed.

█ Appellants contend that the award of attorney's fees in this type of proceeding was not provided for by the Alaska statutes. However, Section 16–1–125, A.C.L.A.1949, allows "the costs of publication and hearing before the Court" in a proceeding to enforce liens for delinquent taxes. The Alaska statute governing costs includes attorneys fees. See Section 55–11–51, A.C.L.A.1949. There is nothing about this "special statutory proceeding" to enforce tax liens to distinguish it from an ordinary civil action as far as awarding attorneys fees is concerned.

We affirm the action of the District Court save as to the error admitted by the City as to the value of the property. The orders of sale to satisfy tax liens are set aside and the case is remanded to the District Court for the computation of the proper amount of tax, penalty and interest for the years 1949, 1950 and 1951 based on the valuation shown in the City's original assessment records.

**2.** Section 16–1–65, A.C.L.A.1949 and Sections 6 and 7 of the Yakutat ordinance governing "the assessment, levy and collection of taxes."