468 P.2d 931

Harry KIPNIS, Appellant,

v.

COUNTY OF MARICOPA, Buckeye Water Conservation & Drainage District, et al., Appellees.

No. 9801–PR.

Supreme Court of Arizona, In Banc.

May 5, 1970.

Rehearing Denied June 2, 1970.

Hughes, Hughes & Conlan by Coit I. Hughes, Phoenix, for appellant.

Robert K. Corbin, Maricopa County Atty., by Frederic W. Heineman, Phoenix, for appellee Maricopa County.

John S. Schaper, Phoenix, for appellee Buckeye Water Conservation & Drainage Dist.

STRUCKMEYER, Vice Chief Justice.

This is an action by Harry Kipnis, appellant, to recover taxes paid to Maricopa County, Arizona, under protest. The Superior Court rendered judgment against Kipnis in favor of the County, and he appealed. The Court of Appeals reversed, 10 Ariz.App. 174, 457 P.2d 714, and we granted review. Opinion of the Court of Appeals vacated.

The facts out of which this dispute originated are relatively simple. In 1922, appellee, the Buckeye Water Conservation and Drainage District, was organized as an irrigation district under the provisions of what is now A.R.S. Title 45, Chapter 6.

As such, it can assess land within its boundaries in furtherance of its incorporated purposes, A.R.S. § 45–1751.

Appellant purchased 80 acres, three parcels, of State lands within the district against which district improvement assessments had been made but which had not been paid. Under protest, he paid the assessments together with interest to the Maricopa County Treasurer, the statutory collection agency for the district. Appellant then brought this action against Maricopa County to recover the amounts so paid, and Maricopa County filed a third party complaint against the district, praying that, if the assessments were not legal obligations, it have judgment over against the district. The trial court entered judgment in favor of Maricopa County, finding that the assessments were the legal obligations of the purchaser, Kipnis.

■ Article 6 of Chapter 6, Title 45 of the Arizona Revised Statutes sets up a comprehensive system by which State lands become subject to irrigation district laws. It is expressly provided in § 45–1672:

"All charges legally assessed for irrigation district purposes shall be a lien upon such [State] lands * * *."

Hence, the assessments by appellee district were fixed as liens against the lands which appellant purchased although they were not, of course, enforceable against the State. Toole County Irr. Dist. v. State, 104 Mont. 420, 67 P.2d 989; Wichita County Water Imp. Dist. v. City of Wichita Falls (Tex.Civ.App.), 323 S.W.2d 298.

By the further provisions of § 45–1672, subsec. 2, when State lands are held under lease, the lessee shall at the time of paying the rental installments present a certificate from the County Treasurer showing that no district assessments are unpaid. If the lessee fails to present such certificate, the State Land Department is required to declare the lease forfeited. For reasons which do not appear in the record here, the State Land Department did not require certificates from the County Treasurer and, in fact, the assessments were not paid.

■ We do not think, however, the fact that former lessees failed to pay the assessments has any bearing on the decision. Section 45–1672, subsec. 1 also provides that when State lands are held under certificate of purchase the holder of the certificate shall at the time of paying the principal present a similar certificate from the County Treasurer showing that no unpaid district charges are due and delinquent against the land. If the holder for a period of one year refuses to pay any assessment, the failure shall constitute a breach of a condition of the certificate of purchase and subject the certificate to forfeiture.

■ While appellant presents to this Court extended arguments setting forth his reasons why he should not have been compelled to pay the assessments and why he should be permitted to recover the assessments paid under protest, the law is established in Arizona that the purchaser of property takes it subject to liens. Murphey v. Brown, 12 Ariz. 268, 100 P. 801 (1909). We do not find any disagreement with Arizona's holding. For example, the Supreme Court of the United States held in United States v. Bess, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135:

"The transfer of property subsequent to the attachment of the lien does not affect the lien for 'it is of the very nature and essence of a lien, that no matter into whose hands the property goes, it passes cum onere * * *'." 357 U.S. at 57, 78 S.Ct. at 1058, 2 L.Ed.2d at 1142.

■ Moreover, it is the settled law of this jurisdiction that when a lien has attached to property the purchaser takes it subject to the lien, even though he has no actual notice:

"Where a lien enforceable at law has attached to property, the purchaser takes the property subject to the lien, irrespective of notice, * * *." Murphey v. Brown, supra, 12 Ariz. at 277, 100 P. at 804.

It is appellant's position, however, that because the liens were made charges

against the leasehold interest they were lost by being merged into the title of the State upon termination of the leases. He advances two reasons why the assessments merged into the title of the State upon termination of the leases prior to purchase. First, he points to A.R.S. § 37–254, a part of Title 37, "Public Lands" and Article 3 thereof, "Sale of State Lands." Article 3 in general sets forth the procedures by which State lands may be sold, that is, by public auction after appraisal. Section 37–254 provides that if any State land which has been sold reverts to the State for any cause, the County Assessor shall cancel any assessments against the lands and all taxes levied shall be charged off.

We do not believe that § 37–254 has any application to this case. By A.R.S. § 37–241, as amended, a buyer has twenty-five years in which to pay for State lands. Palpably, § 37–254 has reference to taxes which may have been levied against lands acquired from the State by sale and then re-acquired by the State because the sale either was not completed or set aside for other reasons. Here these charges are not taxes, neither was there a reversion to the State following a sale; rather, appellant acquired his interest after the termination of leasehold interests.

Second, appellant points to Article 9, § 2, as amended, of the State Constitution, A.R.S., providing in its applicable part:

"There shall be exempt from taxation all federal, state, county and municipal property."

He relies on the decisions of this Court holding that, where the State acquires title to land, any existing tax lien merges into the legal title of the State and is destroyed. See, e.g., City of Phoenix v. Wayland, 64 Ariz. 222, 167 P.2d 933. From this it is argued:

"* * * irrespective of whether the state acquires its title under a tax sale or the title reverts to it on termination of a lease as in the instant case * * * the principle remains the same."

 The return of the leasehold interest to the owner upon expiration of a lease is not a re-acquisition of legal title. The legal title to property does not pass to a tenant but remains in the owner throughout the term of the lease. Hence, there was no re-acquisition of legal title by the State upon termination of the State land leases. It always held title by reason of continuous ownership.

We therefore hold that, since by statute the assessments by the appellee district were fixed as continuing liens against the property, when the property came into the hands of appellant he took subject to the burdens of the liens.

The judgment of the Superior Court is affirmed.

LOCKWOOD, C. J., and UDALL, McFARLAND, and HAYS, JJ., concur.