**FAIRBANKS NORTH STAR BOROUGH, Appellant,**

**v.**

**William HOWARD, Fairbanks Title Agency and Ft. Wainwright Federal Credit Union, Appellees.**

**No. 4575.**

Supreme Court of Alaska.

March 14, 1980.

J. D. Nordale, Borough Atty., and Terrence H. Thorgaard, Asst. Borough Atty., for the North Star Borough, Fairbanks, for appellant.

Millard F. Ingraham, Rice, Hoppner, Hedland, Fleischer & Ingraham, Fairbanks, for appellees.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

OPINION

PER CURIAM.

The Fairbanks North Star Borough levies a sales tax on retail transactions within its boundaries. Ann Windrum operated a gas station in the Borough, and in 1976 collected $10,023.97 from customers in payment of the Borough sales tax. She never paid this money to the Borough.[1]

On May 22, 1978, the Borough filed a notice of lien against all real and personal property owned by "Ann Windrum d/b/a Big Bend Towing" to enforce collection of the tax. On May 26, the Borough brought a personal action against Windrum for the tax proceeds. On June 1, Mrs. Windrum conveyed a parcel of property to William Howard, the appellant, via warranty deed. The same day, Howard executed a deed of trust on the plot in favor of Fairbanks Title Agency [FTA], trustee, with the Ft. Wainwright Federal Credit Union [FCU] as beneficiary. On June 9, the Borough filed an amended complaint seeking foreclosure on that land. On June 19, the Borough recorded a release of its earlier lien, and refiled a notice of lien naming "Ann Windrum (individually) d/b/a Big Bend Service."

The Borough requested summary judgment on the ground that the tax debt was established, and the lien was valid as against Windrum, Howard, FTA and FCU as a matter of law. Howard, FTA and FCU submitted a cross-motion for summary judgment based on allegations that the release of lien barred the claim and that the lien, in any case, was outside the scope of the Borough's power absent specific statutory authority. It also sought to invoke the equitable doctrine of marshaling of assets.

The superior court denied the Borough's motion and granted that of Howard, FTA and FCU. The Borough has appealed, claiming that the lower court erred in ruling that it was not authorized to create real property liens for the nonpayment of sales taxes. We affirm.

The statute giving the Borough the power to levy and collect taxes, AS 29.53.-415(a),[2] is silent as to how the collection power may be exercised. Thus the Borough relies upon its general authority to "exercise all powers and functions necessarily or fairly implied in or incident to the object or purpose of all powers and functions conferred" by statute. AS 29.48.320. The Borough contends that the failure of the state to extensively legislate in the field of municipal tax collection implies AS 29.48.320 should be given a liberal construction in accordance with AS 29.48.310,[3] leading to allowance of the lien power despite the admitted general rule that such a power does not exist absent statutory authority. The Borough also argues that its lien does not conflict with the priorities accorded to other liens under Alaska law.

Appellees rely upon the established general rule that tax liens arise only through specific legislative authorization. They argue that uniform statewide legislation in this area is essential to the orderly transfer of title in the state; otherwise the priority of a municipal sales tax lien is debatable.

In our opinion, a real properly lien is beyond the scope of what may be "necessarily or fairly implied in or incident to"[4]

---

1. The station had evidently been operated by Mrs. Windrum's husband during most of 1976, prior to his death that October. The nonpayment resulted from a dispute concerning her liability for taxes incurred during that time.

2. AS 29.53.415(a) provides:

   A borough may levy and collect a sales tax not exceeding three per cent on sales or rents, and on services made within the borough. The sales tax may apply to any or all of these sources. Exemptions may be granted by ordinance.

This provision applies to general power municipalities; we do not pass on whether home rule municipalities have the power to impose liens in sales tax cases.

3. AS 29.48.310 provides:

   A liberal construction shall be given to all powers and functions of boroughs and cities conferred in this title.

4. AS 29.48.320 provides:

   Unless otherwise limited by law, boroughs and cities have and may exercise all powers and functions necessarily or fairly implied in

the authority to collect a sales tax, particularly since its impact may fall on an innocent landowner rather than the consumer who actually is liable for the tax, or the merchant who is responsible for its collection. An effective implied collection power already exists, in the right to sue the collecting party for the tax monies owed.[5] Public policy would be thwarted if individual municipalities were enabled to set up a number of different systems of sales tax liens, and the determination of lien priorities would be unduly complicated.[6] This is an area which should be addressed by specific legislation rather than by municipal, or judicial, fiat.[7] The Borough has presented no authority to counter the general rule against nonstatutory tax liens,[8] and we find no reason to depart from the general rule in this instance.

Affirmed.[9]

---

or incident to the object or purpose of all powers and functions conferred in this title.

5. In *City of Anchorage v. Baker*, 376 P.2d 482 (Alaska 1962), we noted such actions are allowed where the method of collection provided by statute is not exclusive and does not provide an effective remedy. The Borough can sue merchants who fail to remit taxes collected on its behalf and then collect its due via judgment liens. In the absence of explicit legislative authority, we see no reason to expand this implied power.

6. Even where statutory authority exists for sales tax liens, there are often fights over priorities. *See* Annot., 136 A.L.R. 1015 (1942). The situation would be even worse if the liens arose without specific statutory authorization.

7. The Borough would have us eliminate this problem by holding that the sales tax lien power exists and that such liens arise and are enforceable in the same manner as real estate tax liens. *See* AS 29.33.030, which states in part that, "Boroughs shall assess and collect property, sales, and use taxes levied within their boundaries, subject to ch. 53 of this title." This language could be deemed an incorporation of the real property lien provisions of ch. 53 into the sales tax field.

We are not persuaded by this argument. If the legislature had intended to grant municipalities the authority to impose real property sales tax liens, it would have at least provided that they could collect the sales tax "as provided in" or "by the method set forth in" ch. 53, not "subject to" ch. 53. In context, we view this statute as a limitation on the use of real property tax liens, not as an extension of them. *Compare* AS 43.10.035, expressly providing for state tax liens on all real and personal property owned by any kind of tax debtor, *with* AS 29.53.210, expressly creating municipal tax liens only for real property taxes and, therefore, arguably exempting sales taxes from such liens. *See Libby, McNeill & Libby v. City of Yakutat, Alaska*, 14 Alaska 367, 206 F.2d 612 (9th Cir. 1953).

8. The Ninth Circuit in *Libby, McNeill & Libby v. City of Yakutat, Alaska*, 14 Alaska 367, 206 F.2d 612, 613 (9th Cir. 1953) (citations omitted) stated:

Taxes are not a lien unless expressly made so by statute, and when expressly created, the lien is not to be enlarged by construction. *See also T. M. Cobb Co. v. County of Los Angeles*, 16 Cal.3d 606, 128 Cal.Rptr. 655, 547 P.2d 431, 438 (Cal.1976); *Brewer v. Porch*, 53 N.J. 167, 249 A.2d 388, 391 (1969); 16 E. McQuillin, The Law of Municipal Corporations, ¶ 44.131, at 345–46 (3rd ed. 1979).

This general rule would have little meaning if it were breached simply because a catch-all statute grants the municipality authority to exercise powers necessarily or fairly implied in or incident to its express powers.

9. Our disposition of this issue makes it unnecessary to address the Borough's additional contention that its filing of a release of lien, immediately followed by a notice of lien against a slightly different named party, did not make its lien ineffective as against purchasers of the property.