**KENAI PENINSULA BOROUGH, Appellant,**

v.

**ASSOCIATED GROCERS, INCORPORATED; Market Finance Company; and Country Food, Inc., Appellees.**

No. S–5981.

Supreme Court of Alaska.

Feb. 10, 1995.

Clifford J. Groh, Sr., Michael W. Price and Susan E. Swann, Groh, Eggers & Price, Anchorage, for appellant.

C.R. Baldwin, Law Office of C.R. Baldwin, Kenai, for appellees.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

### OPINION

COMPTON, Justice.

A municipal corporation adopted an ordinance which purported to impose personal liability on a successor business owner for the former business owner's delinquent sales taxes. In this case the successor owner is a secured party who foreclosed on the former owner. The municipal corporation sued to collect the delinquent sales taxes from the secured party. The superior court dismissed the claim of the municipal corporation. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The parties stipulated to the following facts. Kenai Peninsula Borough (KPB) is an Alaska municipal corporation. Roseco, Inc. (Roseco) owned and operated B & B Foodland (B & B), a grocery business located in Soldotna.

By security agreements executed in October 1987 and February 1989, Roseco, the debtor, granted to Associated Grocers, Inc. and its wholly-owned subsidiary, Market Finance Co. (AGI), a security interest in inventory, stock in trade, equipment, fixtures and proceeds therefrom. AGI perfected these security interests by filing the appropriate financing statements.[1]

As permitted by AS 29.45.650 *et seq.*, KPB levied a consumer sales tax on all retail sales, rents, and services rendered by B & B. KPB Code § 5.18.100. Roseco failed to remit sales taxes collected at B & B between November 1989 and March 1991. At no time did KPB file or record a sales tax lien for the unpaid taxes.

In May 1990 Roseco filed for Chapter 11 bankruptcy. It listed the delinquent KPB sales taxes on the schedule of creditors. In March 1991 AGI obtained relief from the automatic stay of 11 U.S.C. § 362(a). Pursuant to a Foreclosure Agreement, AGI (1) took possession of all or substantially all of the assets relating to B & B, and (2) operated and managed the store for its own account until October,[2] when it sold the equipment and inventory to Country Food, Inc. Roseco then liquidated its remaining assets; KPB received a small pro rata distribution.

KPB demanded payment of the balance of the delinquent sales taxes from AGI and Country Food as successor owners pursuant to the following ordinance:

> Any person acquiring an ownership interest in an ongoing business ... whether by purchase, foreclosure, or otherwise, shall be liable for the payment of taxes, penalties and interest accruing and unpaid to the borough on account of operation of the business by the former owner ... provided, however, that the borough shall first make all reasonable efforts to collect the tax from the person who owned the business at the time the liability was incurred.

KPB § 5.18.130(B). AGI and Country Food refused to pay the taxes.[3] As of March 1, 1993, the delinquent tax bill was $150,244.85, including interest and penalties to date.

In April 1992 KPB sued AGI and Country Food under KPB § 5.18.130(B). On cross-

---

1. Financing statements were filed on various dates from October 1987 to March 1989.

2. According to the foreclosure agreement, the amount owed to AGI exceeded $2,000,000. The purpose of the foreclosure agreement was stated as follows: "[T]o reduce the total indebtedness owing to the Secured Parties through the repossession and retention of the Collateral by Se-

cured Parties in satisfaction of the obligations pursuant to A.S. § 45.09.505 of the Uniform Commercial Code ... and/or the liquidation of Collateral pursuant to A.S. § 45.09.504 of the Code."

3. Incidental to the sale, AGI had indemnified Country Food for any sales tax obligation.

motions for summary judgment, the superior court granted AGI's motion.[4] KPB appeals.

## II. *DISCUSSION*

Both parties seem to acknowledge that the dispositive issue in this case is one of law, not of fact. We agree.

Alaska Statute 29.45.650(e) provides:

A borough may provide for the creation, recording, and notice of a lien on real or personal property to secure the payment of a sales and use tax, and the interest, penalties, and administration costs in the event of delinquency. When recorded, the sales tax lien has priority over all other liens except (1) liens for property taxes and special assessments; (2) liens that were perfected before the recording of the sales tax lien for amounts actually advanced before the recording of the sales tax lien; (3) mechanics' and materialmen's liens ... recorded before the recording of the sales tax lien.

The statute provides the exclusive procedure for a municipality to collect delinquent sales taxes pursuant to a tax lien. Indeed, KPB has adopted an ordinance under this authority.[5] AS 29.45.650(e) does not provide for successor liability, unless done through the vehicle of a lien on the real and personal property of the "seller," *i.e.* the business. Nevertheless, KPB has attempted by ordinance to hold successor owners personally liable for delinquent sales taxes, KPB § 5.18.130(B), *supra* at 605. Application of the ordinance in this case would effectively eliminate AGI's AS 29.45.650(e)(2) lien priority.

■ A municipality's authority to pass ordinances is to be liberally construed. AS 29.35.400. However, a municipality's powers are not unbounded. A municipality may only exercise those powers which are specifically enumerated in Title 29 of the Alaska Statutes, or those "necessarily or fairly implied in or incident to the purpose of all powers and functions conferred in this title." AS 29.35.410. In *Fairbanks North Star Borough v. Howard,* 608 P.2d 32 (Alaska 1980), we reaffirmed "the general rule against non-statutory tax liens." [6] *Id.* at 34 (citing *Libby, McNeill & Libby v. City of Yakutat,* 206 F.2d 612, 613 (9th Cir.1953)).[7] We based that decision on a determination that the creation of a tax lien "is beyond the scope of what may be 'necessarily or fairly implied in or incident to' the authority to collect a sales tax." *Howard,* 608 P.2d at 33–34.

■ Although, strictly speaking, KPB § 5.18.130(B) does not impose a lien, we agree with AGI's assertion that "its impact on the property rights of an innocent lienholder is even more drastic than a lien." Not only would the ordinance, if enforced, effec-

---

**4.** The superior court granted summary judgment for AGI based on stipulated facts. It did not make additional findings of fact or conclusions of law. The court appears to have based its decision on the Uniform Commercial Code, AS 45.09.010 *et seq.:* "I think that if I were to adopt the arguments of the borough I would be, at least to a certain extent, changing the existing playing field, if you will, of people who enter into security agreements in Alaska." It concluded generally that *the arguments presented by AGI* were more persuasive.

**5.** K.P.B. § 5.18.660 Enforcement—Sales tax liens.
　　A. The mayor may cause a sales tax lien to be filed and recorded against all real and personal property of a registered seller where the seller has:
　　　1. Failed to file sales tax returns for 2 consecutive filing periods as required by the chapter; or

**2.** Failed within 60 days of the end of the filing period from which taxes were due to either (a) remit all amounts due or (b) to enter into a secured payment agreement as provided in this chapter.

**6.** AGI made this argument below, as well as on appeal. In *Howard,* Windrum failed to pay sales taxes collected at her gas station. The Fairbanks North Star Borough attempted to foreclose on land that was once owned by Windrum, but had been conveyed to Howard. Because the statute providing for sales tax collection was silent as to how such power could be exercised, we affirmed summary judgment for Howard. 608 P.2d at 33.

**7.** KPB seeks to distinguish *Howard* and *Libby* insofar as they are limited to liens on real property. However, no such limitation is suggested in the cases.

tively reduce the value of the security of the foreclosing lienholder, it would impose personal liability on the foreclosing lienholder which could be greater than the value of the lienholder's collateral. Insofar as KPB § 5.18.130(B) attempts to impose personal liability on a successor owner which is exercising its rights pursuant to a prior perfected security interest, the ordinance is invalid.[8]

AFFIRMED.

---

**8.** We do not address the question of whether a municipality has the power to adopt successor liability ordinance which does not interfere with a successor's perfected lien priority.